————o————

No. 6256.

## SUCCESSION OF LEON HUGUENEL.

### Syllabus.

The object of a mortgage in favor of a minor, whether it be the general mortgage or the special mortgage which the tutor is

permitted to substitute in lieu thereof, is to insure a faithful administration of the tutorship; and the tutor's property or the proceeds thereof subject to the mortgage can be released from its effect only upon a final accounting and actual settlement at the expiration of the tutorship.

Appeal from the Civil District Court, Parish of Orleans, Division "A," No. 86,674. Honorable T. C. W. Ellis, Judge.

E. J. Meral and K. V. Richard, attorneys.

S. F. Gautier, for appellant.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court, as follows:

Redmond, a judgment creditor of Mrs. Huguenel, widow of the decedent, attempts to secure payment of his debt from the fund deposited in the registry of the Court and consisting of a portion of the proceeds of the sale of real estate owned by Mrs. Huguenel which was subject to the legal mortgage in favor of her minor children resulting from the recordation of the abstract of inventory when she qualified as their tutrix. His demand for payment was denied below and he now appeals.

In the face of the express admission in the record "that the minor's mortgage bears against this deposit" and the fact that the amount of this mortgage is largely in excess of this deposit, we are unable to perceive upon what ground Redmond, an ordinary judgment creditor, whose claim is clearly outranked by that of the minors, can be permitted to withdraw any portion of this fund to their prejudice.

The object and purpose of the legal mortgage in favor of the minor is to secure a faithful administration of the tutorship; and the tutor's property or the proceeds therof

subject to the mortgage, can be released from its effects only upon a final accounting and actual settlement at the expiration of the tutorship.

Schneider vs. Burns, 45 An., 875.

Lyman vs. Strondbach, 47 An., 71.

It does indirectly appear that the tutorship has been forfeited by a second marriage, but it is not even pretended that the tutrix has made a final accounting or actual settlement with her wards. Under such circumstances the trial Court properly held that the fund in question could not be presently applied to the satisfaction of appellant's judgment.

The judgment is accordingly affirmed.

Judgment affirmed.

Opinion and decree, January 5, 1915.

Rehearing refused, February 1, 1915.